# THE PEOPLE OF THE STATE OF NEW YORK ex rel.. CHARLES G. BURNHAM, v. EDWARD F. JONES AND· OTHERS, COMMISSIONERS OF THE LAND OFFICE.

*Right of the owner of the uplands to review by certiorari the proceedings of the commissioners of the land office, in granting to another the land under water in front of such uplands.*

CERTIORARI to review the action of the commissioners of the land office *In the Matter of the Application of the Bartholomay Brewing Company*, for a grant of land under the waters of Lake Ontario, at the village of Charlotte, Monroe county.

The court at General Term said : " Assuming, for the present,. that the relator was the proprietor of the lands adjacent to a part of those under water, which were granted by the commisssioners of the. land office, we must inquire whether he can review their action by *certiorari.*

" The relator had no title to or interest in the lands under water in front of his premises. (*People* v. *New York and Staten Island Ferry Co.*, 68 N. Y., 71.) Subject to the paramount control of the· federal government, the State holds the title and may grant the soil to such lands or convey an exclusive privilege. It may do this, although it thereby cuts off the communication between the riparian proprietor and the water. (*Gould* v. *H. R. R. R. Co.*, 6 N. Y., 522.) When, however, the State gave authority to the commissioners of the land office to make grants of land under the waters of

navigable rivers or lakes, it put a restriction upon such authority and declared that "no such grant shall be made to any person other than the proprietor of the adjacent land, and any such grant that shall be made to any other person shall be void." (Laws of 1850, chap. 283, § 1.) Chapter 134, Laws of 1839, authorizes the commissioners to require the attendance of witnesses, etc. Section 70 (1 Revised Statutes, 208) requires the applicant for a grant of lands under water to give six weeks' notice by advertisement in a newspaper, etc. It was held, in *People* v. *Schermerhorn* (19 Barb., 541), that the publication of this notice was essential to jurisdiction. That was a case where a grant was held void, partly because it was not made to adjacent proprietors.

"In the present case, the application of the Bartholomay Brewing Company, having been made for a grant of lands under water adjacent to lands owned by them, and notice having been published, a remonstrance was filed on behalf of the present relator, claiming that he was owner of a part of the premises. The matter was referred to the attorney-general to hear the parties in interest. After examining the proofs of title and hearing counsel he reported, as a matter of fact, that the brewing company had the title in fee to the uplands. On reading this report and hearing counsel for the respective parties, it was resolved that the report be agreed to, and that the grant of lands under water be made.

"Now, it seems to us that here are all the elements of judicial or *quasi* judicial action. First. Two parties, each claiming title to the same piece of land. Second. Evidence given by each tending to support the respective claims. Third. Counsel heard on each side. Fourth. A decision that the title is in one party. Fifth. A grant made to that party as owner of the uplands.

"It certainly was the duty of the commissioners (and so they thought) to examine and decide whether the applicant was owner; and their decision may, perhaps, be forever conclusive, as between these parties, on this question of ownership. Furthermore, if the Brewing Company were not the proprietor of the adjacent lands, then there was a want of jurisdiction in the commissioners, by the express language of the statute, for there was such a conflict of evidence that their action cannot be reviewed. (*People ex rel. Kent* v. *Board of Fire Commissioners*, 100 N. Y., 82, 85; *People ex rel. Clapp* v.

*Board of Police*, 72 id., 415.)   And though the relator had no legal title to the adjacent lands under water, yet he has a practical use, inasmuch as he, and he only, could, before this grant, go from his land upon those waters for boating, or fishing or bathing, or any other purpose.   And the statute has said that this right shall not be taken from him by any grant made by the commissioners of the land office.   Although this grant may be void, yet that is not a reason why a *certiorari* will not lie.   (*Fitch* v. *Commissioners*, 22 Wend., 132.)   Unless the relator can be relieved by this writ, it is not easy to see what remedy he has.   As the land under water is not his, he could not bring ejectment or trespass should the company build thereon; and in any action which he might bring it is possible that this decision of the commissioners would be a bar.

"We think, for these reasons, that the *certiorari* can be sustained."

\*        \*        \*        \*        \*        \*        \*

*John S. Morgan, P. M. French* and *William B. Hornblower*, for the relator.

*Charles F. Tabor*, attorney-general, for the respondents.

Opinion by LEARNED, P. J.; LANDON and INGALLS, JJ., concurred.

Resolution reversed and application denied as to the 100 feet in question; no costs.